[27 NYS3d 273]

In the Matter of STUART SPENCER COWITT, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 30, 2016

**APPEARANCES OF COUNSEL**

*Mitchell T. Borkowsky*, Hauppauge (*Michele Filosa* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

On November 18, 2013, the Florida Bar filed a disciplinary complaint against the respondent based upon his conduct as the executor of his father's estate. The complaint charged, among other things, that the respondent violated Rules Regulating the Florida Bar rules 4-3.3 (a) (1) ("[a] lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer") and 4-8.4 (a) ("[a] lawyer shall not . . . violate or attempt to violate the Rules of Professional Conduct"), (b) ("[a] lawyer shall not . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects") and (c) ("[a] lawyer shall not . . . engage in conduct involving dishonesty, fraud, deceit, or misrepresentation").

On April 25, 2014, the referee appointed in the Florida proceedings granted a summary judgment motion made by the Florida Bar, and determined, among other things, that the respondent violated Rules Regulating the Florida Bar rules 4-3.3 (a) and 4-8.4 (a), (b) and (c).

After a hearing on August 1, 2014, the referee filed a report on September 15, 2014, in which he made the following findings of fact:

> "In December 2005, [r]espondent's father, Richard I. Cowitt, passed away. At the time of his father's death, [r]espondent's sister, Marlene Klein, was married and had two children. Marlene passed away the following year, in July 2006. In September 2009, [r]espondent probated his father's estate when he filed a Petition for Summary Administration . . . in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. In said Petition, [r]espondent listed only himself as a beneficiary of the estate, intentionally neglecting to identify his deceased sister's family as beneficiaries. Further, [r]espondent accessed his father's financial accounts at two financial institutions after notifying them that he was the only beneficiary of his father's estate.
>
> "Respondent admittedly spent the assets (approximately $70,000) in all but one of the financial

accounts for his personal benefit. Specifically, [r]espondent testified that he received $52,000 in 2009, and used the funds to pay child support to his ex-wife and to stay afloat. Respondent failed to inform his sister's estate that funds were available from his father's estate until approximately 2012, when [r]espondent only informed his sister's estate of one IRA account on which his sister was explicitly listed as the only beneficiary. Subsequently, the father's estate was reopened. And on January 30, 2013, [r]espondent was ordered by the probate court to pay, within [60] days, his sister's estate the amount of $25,000. On March 29, 2013, [r]espondent filed for Chapter 13 bankruptcy protection."

Based upon the foregoing, the referee found, by clear and convincing evidence, that the "[r]espondent knowingly made a false statement of fact to a tribunal [and] was dishonest and deceitful in failing to inform and/or by intentionally delaying to contact [Marlene Klein's husband] of the estate monies due him as a beneficiary." The referee further found that inasmuch as the respondent held onto the proceeds of his father's estate for his own benefit, his conduct constituted "intentional theft." In mitigation, the referee considered, inter alia, the absence of a prior disciplinary record; the respondent's personal or emotional problems; his full disclosure to the disciplinary board and cooperative attitude; his remorse; and character evidence. The referee also considered, inter alia, the following aggravating factors: the respondent's substantial legal experience at the time of the events; that his conduct involved a dishonest or selfish motive and multiple offenses; the fact that the victim was vulnerable; and the respondent's indifference to making restitution. Under the totality of the circumstances, the referee found that the mitigating factors did not outweigh the aggravating factors, and recommended the respondent's disbarment.

By order of the Supreme Court of Florida, dated July 29, 2015, the report of the referee was approved insofar as it found that the respondent violated Rules Regulating the Florida Bar rules 4-3.3 (a) and 4-8.4 (a), (b) and (c), and the respondent was disbarred from the practice of law in Florida, commencing 30 days from the date of the Court's order.

The Grievance Committee for the Tenth Judicial District personally served the respondent on November 6, 2015, with a

notice pursuant to 22 NYCRR 691.3, informing him of his right, within 20 days, to file a verified statement setting forth any of the defenses to the imposition of discipline enumerated in 22 NYCRR 691.3 (c). The respondent neither filed a verified statement asserting any of the enumerated defenses, nor requested additional time in which to do so. Accordingly, there is no impediment to the imposition of reciprocal discipline.

Under the totality of the circumstances, the Grievance Committee's application pursuant to 22 NYCRR 691.3 to impose reciprocal discipline is granted, and, effective immediately, the respondent is disbarred in New York based on the disciplinary action imposed on him in Florida.

MASTRO, J.P., RIVERA, DILLON, LEVENTHAL and HINDS-RADIX, JJ., concur.

Ordered that the petitioner's application pursuant to 22 NYCRR 691.3 to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Stuart Spencer Cowitt, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Stuart Spencer Cowitt, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Stuart Spencer Cowitt, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Stuart Spencer Cowitt, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).